**AVIS, Inc. v. SEAMAN.**

No. 60-2342-E.

Circuit Court, Duval County.

July 8, 1960.

Harold B. Wahl, Loftin & Wahl, Jacksonville, for plaintiff.

George L. Seaman, defendant, in pro per.

BAYARD B. SHIELDS, Circuit Judge.

This matter coming on to be heard, and defendant having been given due notice on July 5, 1960 of plaintiff's application for a temporary restraining order, and the court having this day considered the sworn complaint and heard testimony, the court finds —

Plaintiff, Avis, Inc. (hereinafter sometimes referred to as "Avis") is the exclusive owner of and has the right to use and to license others to use, a plan or system for conducting the business of renting motor vehicles known as the Avis Rent-A-Car System, which includes the name "Avis" and variants thereof. Plaintiff expends large sums of money publicizing the Avis name and system, said expenses for advertising aggregating in excess of $1,900,000 for the year 1959, and are budgeted in excess of $2,400,000 for 1960.

The name Avis has become a well-established trade name with a recognized meaning of great value to anyone engaged in the car rental business.

Plaintiff gave defendant a license to operate under the name Avis in Jacksonville, subject to certain conditions. Defendant did not comply with the conditions, was delinquent in filing reports, in paying fees, and otherwise in carrying out the terms of the agreement. On May 5, 1960, while defendant was so in default, plaintiff notified defendant of its intention to terminate the license agreement in Jacksonville for cause, the termination to become effective on June 10, 1960, which notice defendant duly received.

Despite the termination of the license agreement on June 10, 1960, defendant thereafter has held himself out as plaintiff's licensee and has continued to do business under the name of Avis and variations thereof. He has continued to use signs containing the name Avis and to receive mail, telephone calls and telegrams in the name of Avis.

On June 17, 1960, plaintiff called upon defendant to comply with paragraph 7 of the license agreement which provides for the reversion to plaintiff as licensor of all rights therein specified, but defendant has failed and refused to comply with such notice.

As a result of continuing to hold himself out as a licensee of Avis, defendant has received considerable auto and truck rental business on which he has made a profit.

Plaintiff is the sole and exclusive owner in and throughout the state of Florida and in and throughout the entire United States of the service mark "Avis" as applied to the renting of automobiles and trucks. Said service mark has been duly and properly registered in plaintiff's name in the United States Patent Office.

Plaintiff has built up an extensive and valuable business in the renting of automobiles and trucks, such services being identified by the trade mark "Avis" as aforesaid, has spent huge sums of money in extensive advertising the same under the said service mark, and has endowed said service mark with good will of great value. Plaintiff's Avis car and truck rental services long ago became and are now widely known to and identified in the trade and by the public with the service mark "Avis", and the trade and public have come to associate said service mark exclusively with automobiles and truck renting services with plaintiff, and not with any other person or concern.

The continued use by defendant of the service mark "Avis" to identify car and truck rental services, and the unauthorized action of defendant in holding himself out as the licensee of Avis in Jacksonville, Florida, are likely to cause confusion and mistake, to deceive customers, and constitute infringement of plaintiff's common law and plaintiff's federally registered service mark rights, and unfair competition with plaintiff.

Upon the showing made, therefore, it is ordered, adjudged and decreed that, until the further order of the court, the defendant, George L. Seaman, his agents and employees, are hereby commanded to cease and desist from his service mark infringement and unfair competition by holding himself out to be the licensee of the plaintiff, Avis, Inc., and/or using the mark "Avis" in connection with any car or truck rental business within or without the state of Florida, and defendant is further commanded to perform the following specific acts —

(a) To comply with all the requirements of said license agreement between plaintiff and defendant upon its termi-

nation as set forth in paragraph 7 thereof; that pursuant to said paragraph, defendant shall cease to use by advertising or otherwise any forms, systems, slogans, marks, symbols, or devices theretofore used in connection with his status as a licensee of plaintiff including, among other things, "Avis Rent-a-Car System, Licensee" or the name "Avis" or any combination of words, marks, or colors similar thereto in any manner whatsoever; and to return to plaintiff all unused Avis System Standard Rental Agreements, forms, advertising matter, bulletins, procedures, manuals of operations and commercial customer information sheets which have been received from plaintiff, defendant to receive due credit therefor; *provided* that defendant shall have until 10 A.M. on July 18, 1960, within which to take down and remove his "Avis" signs.

(b) To notify the principal office of the United States Post Office and Western Union Telegraph Company for the City of Jacksonville and to take such other steps reasonably necessary to cause such plaintiff's subsidiary Avis Rent-a-Car System, Inc., at 620 North Pearl St. in Jacksonville, to receive all mail and other communications addressed to "Avis", and "Avis Rent-a-Car System", or variations thereof, including all telephone calls.

(c) To deliver up for destruction all labels, signs, prints or pamphlets, automobile lease forms, and all other documents or literature of whatsoever kind in his possession bearing a reproduction, copy, or colorable imitation of the registered service mark AVIS, which are not to be returned to plaintiff pursuant to (a) above.

The defendant, his agents and employees, until further order of the court, are further restrained and enjoined from attempting to continue to operate under said license agreement or holding defendant out as agent or licensee of plaintiff, or in any way using the name "Avis", "Avis System", or "Avis Rent-a-Car System", or any variation thereof, in connection with the automobile truck rental business.

This order shall take immediate effect, plaintiff having given bond in the sum of $1,000 with good and sufficient surety approved by the court conditioned to pay the defendant any damages that may be sustained by him in consequence of this temporary restraining order being improperly issued. The clerk is ordered to issue writ accordingly.